22 F.3d 1102
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 INFORMATION RESOURCES, INC., Plaintiff-Appellant,
v.
The TEST MARKETING GROUP, INC., Defendant/Cross-Appellant,
and
Adtel Products, Inc. and Frank E. Lowe, Counterclaim
Plaintiffs/Cross-Appellants.
 Nos. 93-1227, 93-1228.
 United States Court of Appeals, Federal Circuit.
 Dec. 27, 1993.
 
 Before NIES, Chief Judge, NEWMAN and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Information Resources, Inc. appeals the judgment of the United States District Court for the Southern District of Ohio, awarding The Test Marketing Group, Inc., Adtel Products, Inc., and Frank E. Lowe, damages for infringement of United States Patent No. 3,639,686. No. C-1-84-0903 (December 21, 1992). The Test Marketing Group, Inc., et al., cross-appeal, challenging the district court's computation of damages and its application of an offset to the damage award. We affirm in-part and reverse in-part.
 
 
 2
 The district court properly applied the "hypothetical license negotiation" analysis to determine what royalty rate would have been paid by a willing licensor prior to the beginning of the infringement period. See Fromson v. Western Litho Plate & Supply Co., 853 F.2d 1568, 1574 (Fed.Cir.1988). The court's conclusions are supported by the evidence in the record and we find no reversible error in its computation of the amount of damages suffered by TMG due to IRI's infringement of the '686 patent.
 
 
 3
 The district court did err, however, when it applied the five percent offset of damages based on the Charger/Homarket agreement. This agreement entitled IRI, as successor in interest to Charger, to five percent of "sales, license or lease fee[s]" in the event "Homarket sells, licenses, leases or in any other way disposes of the Licensed Device" which eventually became the subject of the '686 patent. The court's error was in concluding that the damage award amounted to license fees paid by IRI. Although couched in terms of a "reasonable royalty," damages awarded under section 284 are designed to compensate a patentee for infringement of his patent rights, and are not royalty payments at all. See Fromson 853 F.2d at 1574. Thus the damages received are not the result of licensing the patent and the offset of the damage award was improper.
 
 
 4
 IRI's reliance on the "or in any other way disposes of" language in the Charger/Homarket agreement is also unpersuasive. Suing for infringement of the '686 patent and collecting damages does not amount to "disposing of" the technology subject to the agreement. There is nothing in the agreement that suggests the parties contemplated such infringement litigation. The focus of the agreement is any potential transfer of the technology, by sale, license or otherwise; there is no mention of infringement litigation. That the technology subject to the agreement had not as yet taken the form of an issued patent supports the conclusion that the parties did not contemplate the sharing of proceeds of future patent litigation should the application mature into a patent. Therefore, TMG did not "dispose of" the technology by bringing its infringement suit and collecting damages and is not liable for any payments to IRI under the Charger/Homarket agreement.
 
 
 5
 Each party shall bear its own costs.